IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF TEXAS
SHERMAN DIVISION

| | | |
|---|---|---|
| UNITED STATES OF AMERICA | § § | |
| v. | § § | Case No.: 4:17-CV-478 |
| $4,289,628.78     et al | § § | |
| Defendants *in rem*. | § | |

## CLAIMANT'S ANSWER AND AFFIRMATIVE DEFENSES

TO THE HONORABLE COURT:

Frank Cacopardo, Claimant, in the above-titled and numbered cause, did not receive a Notice of Complaint for Forfeiture. Nonetheless, he files this Answer to the Plaintiff's Complaint [dckt. #1] and would show the Court as follows:

[The format of this answer is based upon answering various contentions that are normally made in Civil Complaints for Forfeiture]

## I. ANSWER TO JURISDICTION AND VENUE

1.  The Claimant admits that the Government is likely appealing to statutes under Title 28 to establish venue. However, the Claimant

        does not concede that the defendant property is subject to forfeiture.

2.     The Claimant admits that the Government is likely appealing to statutes under Title 18 as a basis for forfeiture, specifically sections 1084, 981, 1955, 1956, and 1957. The Claimant further admits that the Government is also likely appealing to 28 U.S.C §§ 2461 and 2465, 18 USC § 983, and 28 U.S.C. Rule G, Supplemental Rules for Admiralty and Maritime Claims and Asset Forfeiture Actions. However, the Claimant does not concede that assertions that purportedly establish probable cause are correct, justified, or proven.

## ANSWER TO THE DEFENDANT PROPERTY AND LOCATION

3.     The Claimant admits that the defendant property to which the Claimant is asserting a claim was seized in 2017.

4.     The Claimant is without sufficient information or evidence to admit or deny allegations pertaining to the location of the defendant property and thus denies those allegations.

## ANSWER TO NOTICE AND POTENTIAL CLAIMANTS

5. The Claimant has not received Notice of the Government's Complaint for Forfeiture. Thus, he does not have sufficient information to admit or deny the contents of any notice that may be sent in the future.

## ANSWER TO FACTS AND BASIS FOR FORFEITURE

6. The Claimant does not concede that the defendant property is subject to forfeiture.

7. The Claimant does not concede that the defendant property is subject to forfeiture under any provision of Title 18.

## ANSWER TO RELIEF SOUGHT

8. The Claimant admits that the government likely intends to forfeit the defendant property and provide notice under Rule 12(b) and Rules 3 and 4 of the Supplemental Rules. However, the Claimant does not concede the defendant property is subject to forfeiture.

9. The Claimant requests a jury trial in this matter.

## II. ANSWER TO AFFIDAVIT IN SUPPORT OF COMPLAINT FOR FORFEITURE

1. Paragraphs 1, 2, and 3. The Claimant admits that Agent Hoy is a special agent with the IRS and has the experience and training he indicates in paragraph 1. The Claimant also admits that the defendant property is properly described in paragraph 2 and the corresponding dates of seizure are correct. The Claimant also admits that the Government is appealing to statutes under Title 18 as a basis for forfeiture, specifically sections 1084, 981, 1955, 1956, and 1957. However, the Claimant does not concede that the defendant property is subject to forfeiture.

2. Paragraphs 5, 6, 7, and 8. The Claimant does not have sufficient information to admit or deny facts pertaining to investigations of other persons or that other persons made statements implicating him in any criminal conduct. Thus, the Claimant denies the assertions made in these paragraphs.

3. Paragraphs 9, 10, 11, and 12. The Claimant admits the biographical information pertaining to his age, living companions, and

residential address. The Claimant does not have sufficient information to admit or deny the any assertions as to how much he deposited into various bank accounts. The Claimant admits to visiting various casinos between 2011 and 2016. He also admits he has work affiliations with various organizations in Texas and Louisiana. The Claimant has insufficient information to admit or deny the contents of any Texas Workforce Commission records. The Claimant does not concede that he works for a gambling business as it is defined under 18 USC 1955.

4. Paragraph 14. The Claimant admits receiving social security proceeds and depositing such money into bank accounts listed under his name. The Claimant has insufficient information to admit or deny the extent of his gambling activity.

5. Paragraph listed as 13. The Claimant has insufficient information to admit or deny whether information was obtained from a reliable confidential source. The Claimant admits using the betgrande website but does not concede that he used such in violation of 18 USC 1955.

6. Paragraph listed as 14. The Claimant admits visiting multiple casinos on multiple occasions as well as the use of markers and the existence of unredeemed chips in such accounts at various times.

7. Paragraphs 17 through 31. The Claimant admits to owning the accounts listed in these paragraphs and that multiple millions of dollars have been deposited and transferred into and within those accounts in aggregation. He does not concede that he participated in any money laundering or "layering" strategy regarding his monies. He also does not concede that he committed any act that would constitute a violation of 18 USC 1955. The Claimant has insufficient information to admit or deny that his bank activity resembles other people, including those that have been targets of federal investigations in the past. Regarding the specificity of the amounts and dates regarding all transaction activity, the Claimant does not have sufficient information to admit or deny this information. The Claimant does not have sufficient information to admit or deny whether persons deemed by Special Agent Hoy to be "bettors" actually engaged in bookmaking or betting activity

with him. The Claimant admits he is no longer married to Karen Cacopardo and that she is a signatory on account FB0176.

8. Paragraph 34. The Claimant admits he shared a residence at the Claridge with the woman identified as Speed. The Claimant does not have sufficient information to admit or deny the specific transaction information asserted in this paragraph. The Claimant does not concede that any transaction activity pertaining to this account contained proceeds from a violation of 18 USC 1955.

9. Paragraph listed as 33. The Claimant does not have sufficient information to admit or deny what statements any member of the Claridge staff made to federal agents in this case. The Claimant also does not have sufficient information to admit or deny the actions or possessions of known bookmakers or whether such actions are consistent with Special Agent Hoy's experience. The Claimant also does not have sufficient information to admit or deny whether surveillance was conducted on February 1, 2017, and where such surveillance took place.

10. Paragraphs listed as 34, 35, 36, and 37. The Claimant does not have sufficient information to admit or deny the knowledge of Special Agent Hoy. The Claimant denies that the vast majority of his transaction activity came from violations of 18 USC 1955. He does not have sufficient information to admit or deny that known bettors made deposits into his accounts. As stated before, he admits visiting multiple casinos. He does not have sufficient information to admit or deny specific amounts of deposit or the aggregations of deposits, transfers, or withdrawals within the listed accounts. The Claimant does not concede that probable cause exists for the seizures described in this affidavit. The Claimant admits that Special Agent Hoy believes that probable cause exists to trace these monies to various federal offenses. However, the Claimant does not concede that such monies are in fact subject to forfeiture.

# AFFIRMATIVE DEFENSES

## FIRST AFFIRMATIVE DEFENSE
### Failure to State a Claim

The Plaintiff's claims fail to state a claim for which relief can be granted.

Particularly, the Complaint contains many conclusory statements that, if redacted, would result in a lack of probable cause.

## SECOND AFFIRMATIVE DEFENSE
### Defense of Good Faith

The Claimant acted in good faith, and did not act knowingly.

## THIRD AFFIRMATIVE DEFENSE
### Defense of Accident and Mistake

The Claimant acted as a result of accident and mistake, and did not act knowingly.

## FOURTH AFFIRMATIVE DEFENSE
### Defense of Innocent Owner

The Claimant alleges that he is an innocent owner of the property that is the subject of the Complaint.

## PRAYER FOR RELIEF

WHEREFORE, Claimants respectfully request that this Court enter an order and judgment:

(1) Dismissing Plaintiff's claims for forfeiture of the Defendant property;

(2) Dismissing Plaintiff's claims for costs and disbursements; and

(3) Awarding Claimants such other relief as the Court deems just and proper.

Respectfully submitted,

**//s// Steve Jumes**
Steve Jumes
Texas State Bar No.: 00796854
VARGHESE SUMMERSETT
300 Throckmorton Street, Suite 1650
Fort Worth, TX 76102
Phone: (817) 203-2220
Fax: (817) 203-2220
steve@versustexas.com

COUNSEL FOR CLAIMANT

## CERTIFICATE OF SERVICE

  I certify that on January 4, 2018, I electronically filed the foregoing document with the Clerk for the Eastern District of Texas using the CM/ECF System, and that service of such filing will be made electronically on those requiring service. A copy was also mailed to Assistant United States Attorney Theresa McClure.

              **//s// Steve Jumes**
              Steve Jumes